IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEITH CONWAY, as parent, legal guardian
and next friend of URSULA CONWAY, a minor,

        Plaintiff,

vs.                                                No. CIV 98-931 MV/JHG

DOUGLAS MITCHELL, BRENDA PERRY,
LINDA SANDOVAL, JEANNIE CORDOVA,
ROY LOGAN, DERRICK TUCKER, and
DEBORAH HARTZ, in their individual and official
capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's seven Motions for Default Judgment, filed September 9, 1998 **[Doc. Nos. 21-27]**. The Court, having considered the motions, responses, relevant law, and being otherwise fully informed, finds that the motions are not well taken and will be **DENIED**. Further, Defendants' request in their response briefs that the Clerk's Entry of Default be vacated and for sanctions against Plaintiff's attorneys are well taken and will be **GRANTED**, as explained below.

### ANALYSIS

Plaintiff's Complaint and Amended Complaint names as Defendants in their individual and official capacities seven employees of the Children, Youth and Families Department of the State of New Mexico. As such, Plaintiff was required to serve the Complaint on the Attorney General of the

State. Fed.R.Civ.P. 4(j)(2); SCRA 1-004(F)(3)(c) NMRA 1998. Plaintiff served the Defendants individually with the original Complaint on August 11, 1998. Plaintiff mailed the Amended Complaint to the Defendants individually to be received by them on August 19, 1998. Plaintiff however never served the Attorney General of New Mexico with the original complaint and only served the Attorney General with the Amended Complaint on August 24, 1998. Defendants were therefore not require to file an answer until 20 days from this last date, or September 14, 1998. Defendants did in fact file an answer on September 14, 1998.

In the interim, Plaintiff requested that the Clerk of the Court enter Clerk's default against Defendants for their failure to respond. The Clerk's Entry of Default was entered on September 9, 1998. Plaintiff simultaneously brought the present motion asking this Court to enter default judgment. As the above makes clear, Defendants were not required to file an answer until September 14, 1998 and did in fact timely file an answer. Therefore, default judgment is most certainly not warranted.

Further, Plaintiff's actions are in blatant disregard for the Federal Rules of Civil Procedure. Plaintiff has wasted this Court's time as well as that of Defendants and has most unscrupulously attempted to guile this Court into entering a default judgment before Defendants' answer was even due. Such behavior warrants sanctions.

Accordingly, Plaintiff will be ordered to pay Defendants the costs incurred in defending this motion. The Court will deny Defendants' request that Plaintiff be ordered to read the Federal Rules of Civil Procedure and Local Rule of this Court, but the Court does strongly recommend that Plaintiff's attorneys acquaint themselves with these rules as well as the Rules of Professional Responsibility.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's seven Motions for Default Judgment **[Doc. Nos. 21-27]** are hereby **DENIED**. The Clerk's Entry of Default is hereby **VACATED**. Further, Plaintiff is ordered to pay Defendants all costs and attorneys' fees incurred in defending this motion. Counsel for Defendants submit an affidavit of costs and attorneys' fees within ten (10) days of the entry of this Order.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
 Sheri A. Raphaelson
 Thomas Clark

Attorney for Defendants:
 John DuBois
 Susan Weckesser